## TERRELL v. GRIMMELL *et al.*

1. **Estoppel:** REDEMPTION FROM TAX SALE. An acceptance by a purchaser at tax sale, who also claimed to be the owner in fee simple of the premises, of moneys paid by another also claiming to be the owner, in redemption from such sale, does not operate as an admission which estops such purchaser from denying the validity of the claim of title asserted by the redemptioner.

*Appeal from Polk District Court.*

MONDAY, JUNE 11.

ESTOPPEL IN PAIS: EFFECT OF ACCEPTANCE OF MONEY PAID TO REDEEM LAND FROM TAX SALE. — The question presented arises upon the petition of William Phillips as intervenor. The main action is in the nature of a creditor's

bill against Henry C. Grimmell and his son, George H., and his daughter, Mary.

The material facts, so far as relates to the present question, are these:

Prior to February 23, 1857, Henry C. Grimmell owned the land now in dispute, and on that day conveyed the same to his above named children by deeds duly recorded, February 24, 1857. It is alleged that at this time the father was indebted to Cutler & Terrell, who in October, 1857, obtained judgment against him, and in 1858 caused the land to be sold on said judgment to the plaintiff herein (one of the firm of Cutler & Terrell), who, in December, 1859, obtained a sheriff's deed therefor. The plaintiff brings this action alleging the above facts, and that the conveyances from Grimmell to his children were made without consideration and are fraudulent. This is denied, and the main suit is still pending.

Phillips files a petition as intervenor, and alleges, that in 1863, he received a conveyance from the said Mary E. Grimmell for the land theretofore conveyed to her by her father; that said conveyances were *bona fide*, &c., and then sets up the following additional facts *to estop* the plaintiff to assert his title as against him, Phillips, viz.: That the plaintiff, after he acquired his title from the sheriff, allowed the land in question to be sold, July 24, 1861, for taxes thereon, the plaintiff becoming the purchaser at the tax sale; that on the 23d day of July, 1864, Phillips redeemed the land from said tax sale, by paying, in the manner required by law, the sum of $39.50, to the clerk of the board of supervisors (this sum including penalty and interest), and received the clerk's certificate of redemption; that the plaintiff, with full knowledge of Phillips' title, received and took from the said clerk, the sum of money so paid by Phillips to redeem said land from the sale made for taxes; "thereby," as it is alleged and claimed, "fully admitting the legal

title and fee simple of said land to be in the said Phillips, and thereby estopping the plaintiff to deny the same, or to maintain his said action as against this intervenor."

The ruling of the District Court, overruling a demurrer to this division of the intervenor's petition, is the only question presented by this appeal. Plaintiff appeals.

*Polk & Hubbell* for the plaintiff.

*William Phillips*, intervenor, *pro se.*

DILLON, J. — In holding that the receipt of the money from the clerk by the plaintiff, amounted to an estoppel *in pais*, preventing him from further litigating the validity of the sheriff's title, and showing the alleged fraudulent character of the adverse title claimed by and under the children of Grimmell, the District Court erred. To establish an estoppel *in pais*, it should appear, first, that the plaintiff's act, in receiving the money from the clerk, is inconsistent with the idea of the superiority of his title over that of Phillips; second, that Phillips was induced to change his condition, or do an act upon the faith of the plaintiff's act; and third, that he will be injured if the plaintiff is now allowed to establish the validity of his (the plaintiff's) title, or to contest the title of the intervenor. See, in this State, *Lucas* v. *Hart*, 5 Iowa, 415; and in other States the authorities cited by the appellant's counsel.

1. ESTOP-PEL: redemption from tax sale.

No such case is made. The act of the plaintiff in accepting the money deposited for him, did not mislead Phillips to his injury. Phillips acted first, and acted voluntarily. The plaintiff did nothing to induce Phillips to make the redemption. Phillips did not change his condition in consequence of the act of the plaintiff in receiving

the money from the clerk. Phillips had the right to redeem, and he simply, *on his own motion*, and for the better preservation of his rights in case he should finally succeed in the pending law suit, exercised this right by paying, without consulting the plaintiff, the money to the clerk. It was not even paid to the plaintiff. Phillips had an object in view. That object was to redeem the land. He was not injured by the acceptance of the money by the plaintiff. This acceptance rendered the redemption, which Phillips sought to make, only the more perfect and effectual. Receiving the money from the clerk might well estop plaintiff to deny Phillips' right to make the redemption from the tax sale, and might also estop him to set up the tax sale against Phillips.

But it would hardly do to give it any greater operation, and to hold that its effect was to admit that Phillips had a fee simple title (for such a title is not essential in order to enable a party to redeem from a tax sale), and that such title was superior to that of the plaintiff, derived under the independent transaction of the sheriff's sale.

Reversed.